IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex D. Taylor, #274939, | C/A No.: 1:12-2982-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Sylvia Jones, Mailroom Staff; Ludrean Bryant, Mailroom Staff; and John Doe, Chairman of CRC, | REPORT AND RECOMMENDATION |
| Defendants. | |

Alex D. Taylor ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues LCI mailroom staff employees Sylvia Jones and Ludrean Bryant, as well as the unknown[1] chairman of the SCDC's Correspondence Review Committee ("CRC") (collectively "Defendants"). This matter is before the court on Defendants' motion for summary judgment [Entry #28]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge.

---

[1] Defendants' brief indicates that the three members of the Correspondence Review Committee were Dennis R. Patterson, Gary Boyd, and Michael Truesdale, although Plaintiff has not moved to substitute these parties.

Defendants deny Plaintiff's claims. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #29]. The motion having been fully briefed [Entry #31, #32], it is ripe for disposition. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

I.     Factual Background

Plaintiff alleges that on June 28, 2011, he received a notice that incoming correspondence from the "American Sovereign Bulletin" was rejected by the mail room staff and that such rejection was subsequently upheld by the CRC. Plaintiff claims he was not given an opportunity to appeal the decision to return the mail and was not informed why it was being returned.

On July 28, 2011, Plaintiff was informed that the mail room staff rejected incoming mail from the "Rising Sun Press" and such rejection was upheld by the CRC in August of 2011. Plaintiff claims he was not given an opportunity to appeal the decision to return the mail and was not informed why it was being returned.

On August 25, 2011, Plaintiff received a notice from defendant Jones indicating that his correspondence from the Department of the Navy had been returned for excessive internet pages. Plaintiff claims that he was not given an opportunity to appeal the return of this mail and further claims that it should not have been opened outside of his presence.

Plaintiff also alleges that he attempted to send out two drawings to his family in May 2012, but that defendant Bryant returned the letters because Plaintiff was not on "hobby craft." Plaintiff claims that Defendants actions violated his First and Fourteenth Amendment rights.

II.     Discussion

    A.     Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    First Amendment Violations

Plaintiff claims that Defendants' actions in restricting his mail violated his First and Fourteenth Amendment rights. As a prison inmate, Plaintiff retains certain First Amendment rights. *Thornburgh v. Abbott*, 490 U.S. 401, 407–408 (1989). However, an inmate's constitutional rights are not unrestricted. Prisons may adopt regulations that infringe upon an inmate's constitutional rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 87 (1987). The court must consider four factors in determining whether the regulation relied on by Defendants is constitutionally permissible: (1) whether the disputed regulation is logically connected to the legitimate government interest invoked to justify it; (2) whether the inmate has alternative means of exercising the right in question; (3) the impact that accommodation of the asserted right would have on other inmates, prison officials, and the allocation of prison resources; and (4) whether there is a ready

alternative that would fully accommodate the inmate's rights. *Turner*, 482 U.S. at 89–90. When applying these factors, the court must "respect the determinations of prison officials." *United States v. Stotts*, 925 F.2d 83, 86 (4th Cir. 1991). The plaintiff bears the ultimate burden of establishing that a prison regulation is unconstitutional. *Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993).

Defendants assert that Plaintiff's correspondence from the Rising Sun Press and the American Sovereign Bulletin was rejected because they constituted publications or newsletters, which prisoners in the SMU are not permitted to receive pursuant to SCDC policy.

Applying the *Turner* factors, the undersigned finds that the prohibition on the receipt of newsletters and publications by SMU inmates is reasonably related to the legitimate governmental interests of providing an incentive for difficult inmates to improve behavior. *See Beard v. Banks*, 548 U.S. 521 (2006) (finding that a similar policy satisfied the *Turner* standards). Furthermore, Plaintiff has alternative means of exercising his First Amendment rights because he is permitted one book or magazine from Library Services. The undersigned agrees with the *Beard* Court that the correctional staff and other inmates are positively impacted by the policy because it provides an incentive for inmates to follow policies and promotes good behavior. *See id*. at 532–33.

Finally, the undersigned finds that Plaintiff has identified no ready alternatives. "*Turner* does not impose a least-restrictive alternative test, but asks instead whether the prisoner has pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a de minimis cost to the valid penological

5

goal." *Overton*, 539 U.S. at 136. The Court described this as a high standard to meet. *Id*. As found by the Supreme Court and other courts, restrictions on privileges are an effective "management technique" in controlling "high-security prisoners who have few other privileges to lose." *Overton*, 539 U.S. at 134. Applying the *Turner* factors, the undersigned finds the SCDC's prohibition of newsletters and publications by SMU inmates is reasonably related to legitimate penological interests.

Plaintiff also contends that Defendants violated his Fourteenth Amendment rights by returning the correspondence to sender without giving him an opportunity to appeal. However, the record indicates that the correspondence was automatically sent to the CRC for review.  Additionally, Plaintiff was informed when the correspondence was withheld and also informed that it was being sent to CRC for further review.  Therefore, Plaintiff has not shown that any Fourteenth Amendment right was violated with regard to his correspondence from Rising Sun Press and the American Sovereign Bulletin.

2.     Return of Correspondence from Department of the Navy

Plaintiff also alleges Defendants violated his rights by rejecting incoming mail from the Navy. Defendants allege the correspondence was rejected due to excessive internet pages. Pursuant to SCDC policy, inmates are prohibited from receiving more than five pages printed from the internet. [Entry #32-2 at 5].  Plaintiff does not argue that the policy prohibiting more than five pages is unconstitutional, but argues that his mail was privileged because it came from a federal agency. Although Defendants argue that the correspondence was not privileged because it was a response to a FOIA request, Plaintiff points out that they would not have known it was in response to a FOIA request

or that it contained more than five internet pages if they had not opened the allegedly privileged mail.

Assuming that the mail was considered privileged under SCDC policy, Plaintiff has not shown that a violation of SCDC policy violated his constitutional rights. While inspecting a inmate's legal mail may implicate his constitutional rights, the mere opening of an inmate's incoming personal mail in his absence does not independently state a constitutional claim. *See Altizer v. Deeds*, 191 F.3d 540 (4th Cir. 1999); *Stover v. Powers*, C/A No. 8:07-2998-RBH, 2008 WL 2690234 (D.S.C. June 30, 2008) (unpublished). Additionally, violations of prison policies, standing alone, do not rise to the level of a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992). Plaintiff has also failed to show that he was injured as a result of the alleged policy violation. Therefore, Defendants' opening of Plaintiff's mail from the Department of the Navy does not constitute a constitutional violation.

### 3. Return of Plaintiff's drawings

Plaintiff also claims Defendants violated his First Amendment rights when they refused to send his drawings to his family. Defendants indicate that the outgoing mail was rejected because it contained drawings and Plaintiff is not in the hobbycraft program. Defendants attach the hobbycraft policy to their motion. [Entry #28-4]. In answers to special interrogatories by the court [Entry #33], Defendants clarified that Plaintiff used hobbycraft colored pens and/or pencils to complete the drawings. [Entry #35 at 2]. Defendants further state that the purpose of the hobbycraft program is "to promote

positive behavior in inmates" and that SMU inmates such as Plaintiff are not allowed to participate in the hobbycraft program because such classification "is reserved for inmates requiring more intense levels of supervision and monitoring." *Id.* at 2–3.

In order to censor outgoing prisoner mail, prison officials "must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order and rehabilitation." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989). In addition, "the limitation of First Amendment freedoms must be no greater than is necessary. . . ." *Id.* Plaintiff claims that the censorship of his drawings served no substantial government interest. [Entry #31 at 6]. However, Defendants have demonstrated that refusing to allow SMU inmates to use or mail items made with hobbycraft materials promotes order, security, and rehabilitation within the prison. Further, Defendants returned Plaintiff's drawings with a directive to refrain from submitting letters containing hobbycraft materials to the mailroom. [Entry #1 at 10]. Such action by the Defendants is less severe than confiscation or destruction of prisoner property and appears to be the least restrictive way to further the governmental interests in this instance.

Plaintiff alleges the drawings at issue were rendered in pencil or black ink and disputes the Defendants' contention that he used hobbycraft materials to which he was not entitled. [Entry #31 at 6–7]. However, isolated incidents of mail mishandling do not rise to the level of a constitutional violation. *See Williamson v. Black*, 537 F. Supp. 2d 792, 794 (M.D.N.C. 2008) (citing *Davis v. Goord*, 320 F.3d 346 (2d Cir. 2003); *see also*

*Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("occasional incidents of delay or non-delivery of mail do not rise to a constitutional level").  Thus, assuming Plaintiff's contention that the drawings were made without the use of hobbycraft materials, such allegations are nevertheless insufficient to withstand summary judgment. Plaintiff's claim of Defendants' one-time censorship of his drawings to his mother and sister in May 2012 fails to state a cognizable First Amendment claim under § 1983.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #28] be granted and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

June 19, 2013                                                   Shiva V. Hodges
Columbia, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).