IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Alex D. Taylor, #274939,          )    C/A No.: 1:12-2982-MGL
                                 )
          Plaintiff,        )    **OPINION AND ORDER**
                                 )
    vs                     )
                                 )
Sylvia Jones, Mailroom Staff; Ludrean   )
Bryant, Mailroom Staff; and John Doe,   )
Chairman of CRC,              )
                                 )
          Defendants.     )
_____ )

     This matter is before the court upon review of the Magistrate Judge's Report and

Recommendation ("Report") (ECF No. 37) filed on June 20, 2013, recommending

Defendant' Motion for Summary Judgment (ECF No. 28) be granted.  The Report sets forth

in detail the relevant procedural history and the standards of law applicable to this matter,

which the court incorporates and summarizes them herein.  For the reasons that follow, the

Defendants' motion is granted.

## FACTUAL BACKGROUND

     Plaintiff Alex D. Taylor("Plaintiff"), an inmate in the South Carolina Department of

Corrections ("SCDC"), proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983.

Plaintiff contends that Defendants' actions in denying him access to certain

correspondence violated his First and Fourteenth Amendment rights, specifically

correspondence from "Rising Sun Press", correspondence from the "American Sovereign

Bulletin", and correspondence from the Department of the Navy.  Further, Plaintiff contends

that Defendants did not allow him to send two drawings to his family.  As to the

correspondence from the Rising Sun Press and the American Sovereign Bulletin, Plaintiff

1

asserts that the correspondence was returned without giving him an opportunity to appeal and he was not informed why it was being returned. Plaintiff also asserts that he was not given the opportunity to appeal the return of the Navy correspondence and that his mail should not have been opened outside his presence. Defendants deny Plaintiff's allegations and filed a Motion for Summary Judgment. (ECF No. 28). Defendants argue that they have followed all South Carolina Department of Corrections policies in regard to the rejected correspondence and have not violated Plaintiff's constitutional rights. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately to the motion. (ECF No. 29). Plaintiff filed a response on March 27, 2013 (ECF No. 31) and Defendants filed a reply on April 8, 2013. (ECF No. 32). On April 12, 2013, the Magistrate Judge directed Defendants to respond to special interrogatories (ECF No. 33) which Defendants answered on May 2, 2013. (ECF No. 35).

On June 6, 2013, the Magistrate Judge issued a Report. (ECF No. 37). In the Report, the Magistrate determined that Defendants had not violated Plaintiff's constitutional rights and recommended that the court grant Defendants' Motion for Summary Judgment. On September 3, 2013, Plaintiff filed objections to the Report. (ECF No. 47).

## STANDARD OF REVIEW

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F.Supp. 137, 138 (D.S.C.1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)). The court is charged with making a

*de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Objections to the Report must be specific. In the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Schronce* , 727 F.2d 91 (1984). Plaintiff timely filed objections to the Report. (ECF No. 47).

## DISCUSSION

Having reviewed the Report, the record, and Plaintiff's objections, the court finds that the Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report, and merely restate his claims. Plaintiff objects to (1) the Magistrate Judge's "taking as fact that the correspondence was newsletters from the American Sovereign Bulletin and the Rising Sun Press . . . ", (2) the Magistrate Judge's conclusion that censoring Plaintiff's outgoing mail met the "no greater than necessary rule", and (3) the Magistrate Judge not

3

taking into account the sender of each rejected correspondence is to be given the opportunity to appeal the decision to return the correspondence.  (ECF No. 47 at 1).  Plaintiff's objections essentially restate his Response to the Motion for Summary Judgment.  (ECF No. 31).  However, the court finds that Plaintiff's first objection is still pertinent to discuss.

Contrary to Plaintiff's assertion in his first objection, the Magistrate Judge did not "take as fact" that the mail from the American Sovereign Bulletin and the Rising Sun Press were newsletters.  Instead, the Magistrate Judge merely acknowledged Defendants' assertion, in its argument for summary judgment, that the rejected correspondence constituted publications or newsletters. (ECF No. 37 at 5).  The Magistrate Judge referred to the restricted mail throughout the Report as correspondence.  Upon review, Plaintiff's objections are overruled.

## CONCLUSION

After a thorough and careful review of the Report, and the record in this case, the court finds that the Report provides an accurate summary of the facts and law in the instant case and the record in this case.  Therefore, the court accepts the Report and Recommendation and incorporates it herein. (ECF No. 37).  It is therefore ORDERED that Defendants' Motion for Summary Judgment (ECF No. 28) is GRANTED.  This action is DISMISSED.

/s/Mary G. Lewis
United States District Judge

September 12, 2013
Spartanburg, South Carolina

4